# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN FRANCISCO AMAYA ESCOBAR, | No. 4:18-CV-00104 |
| Petitioner. | (Judge Brann) |
| v. | |
| CLAIR DOLL, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

### MARCH 2, 2018

Petitioner Ryan Francisco Amaya Escobar filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241. Because this Court lacks jurisdiction to review a final order of removal, this Petition will be dismissed.

**I.  BACKGROUND**

Petitioner Ryan Francisco Amaya Escobar ("Petitioner") is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison pursuant to a final order of removal.[1]  He filed this counseled habeas corpus action

---

[1]  Petition for Writ of Habeas Corpus (ECF No. 1) ¶¶ 1–3.

under 28 U.S.C. § 2241 on January 12, 2018.[2] The history of immigration proceedings relevant to disposition of the instant action is as follows.

On or about January 12, 2010, Petitioner, a native and citizen of Honduras, was served with a Notice to Appear which informed him that removal proceedings pursuant to Section 240 of the Immigration and Nationality Act, 8 U.S.C. § 1229a, had been instituted against him.[3] Petitioner was found removable pursuant to Section 212(a)(6)(i) on the basis that he was an alien present in the United States without being admitted or paroled.[4] He thereafter appeared before an Immigration Court on January 14, 2010 for a custody determination, and was released from custody on $7,500 bond.[5]

On or about April 7, 2010, Amaya-Escobar was granted a change of venue to New York.[6] Petitioner thereafter requested continuances at scheduled hearings on June 9, 2010, September 19, 2010, February 9, 2011, and June 29, 2011.[7] He did not appear at the next scheduled hearing on August 17, 2011, and was ordered

---

[2] *Id.*

[3] Exhibits in Support of Resp. to Petition for Writ of Habeas Corpus (ECF No. 13-1), Exh. 1 (Declaration of Christopher Snell) ¶ 2; Exh. 2 (January 12, 2010 Notice to Appear).

[4] Exhibits in Support of Resp. to Petition for Writ of Habeas Corpus (ECF No. 13-1), Exh. 2 (January 12, 2010 Notice to Appear).

[5] Exhibits in Support of Resp. to Petition for Writ of Habeas Corpus (ECF No. 13-1), Exh. 1 (Declaration of Christopher Snell) ¶ 4.

[6] *Id.* ¶ 5.

[7] *Id.* ¶¶ 6, 7, & 8.

removed *in absentia*.[8] Under this Order, Petitioner was required to report to Enforcement and Removal Operations on or before January 6, 2012.[9] After he failed to report on that date, he was subsequently placed in fugitive status.[10] On December 20, 2017, Petitioner was arrested at his residence by ICE after it receiving a tip from the Allentown Police Department following a traffic stop.[11]

Based on his imminent removal, Petitioner filed the instant Petition for Writ of Habeas Corpus with Emergency Stay of Deportation on January 12, 2018.[12] Petitioner specifically alleges that his due process rights under the Fifth Amendment to the United States Constitution were violated when he was not afforded a credible fear interview pursuant to 8 U.S.C. § 1225(b)(1)(A)(ii) following his recent arrest.[13] The Court subsequently issued a temporary stay of deportation on January 12, 2018 pending resolution of the merits of this case,[14] and following briefing regarding this Court's jurisdiction, this matter is now ripe for disposition.[15]

---

[8] *Id.* ¶ 9; *See* Petition for Writ of Habeas Corpus (ECF No. 1), Exh. C.

[9] Exhibits in Support of Resp. to Petition for Writ of Habeas Corpus (ECF No. 13-1), Exh. 1 (Declaration of Christopher Snell) ¶ 10.

[10] *Id.*

[11] *See* Petition for Writ of Habeas Corpus (ECF No. 1) ¶ 19.

[12] ECF No. 1.

[13] *Id.* ¶¶ 24–31.

[14] ECF No. 2.

[15] ECF Nos. 13 & 14.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction that have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case.[16] With respect to habeas corpus petitions filed by United States Immigration and Customs Enforcement ("ICE") detainees, federal district courts have jurisdiction *only* when the detainee is seeking immediate release on bond on the grounds that his continued detention is unconstitutional.[17] No such relief is requested in the present matter.

Rather, Petitioner here asks that the Court (1) refer him to an asylum officer in Lyndhurst, New Jersey for a credible fear interview, (2) issue a stay of deportation pending the outcome of his credible fear interview, and (3) grant "any other and further relief as this court may deem just and proper."[18] Petitioner argues that this relief is appropriate because, following his arrest on December 20, 2017—well past the issuance of an order of removal on August 17, 2011—he expressed a fear of persecution if removed to Honduras and that immigration officials violated his due process rights by denying him a credible fear interview.[19] Respondents answer that, pursuant to the Real ID Act of 2005, this Court is without jurisdiction

---

[16] *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1049 (3d Cir. 1993).

[17] *Clarke v. Department of Homeland Security*, No. 13-CV-1862, 2009 WL 2475440, at *1 (M.D.Pa. Aug.12, 2009) (Jones, J.).

[18] Petition for Writ of Habeas Corpus (ECF No. 1), at 8.

[19] Petitioner's Br. in Supp. of Jurisdiction (ECF No. 14), at 2–3.

to adjudicate the matter, and, even if it had jurisdiction, the petition is otherwise baseless for lack of entitlement to a credible fear interview and failure to exhaust administrative proceedings.[20] Because I conclude that this Court lacks jurisdiction, I will not reach these latter arguments advanced by Respondent.

The Real ID Act of 2005, codified at 8 U.S.C. § 1252, eliminated district courts' jurisdiction to review final orders of removal.[21] Indeed, Section 1252(a)(5) provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, **a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal** entered or issued under any provision of this chapter, except as provided in subsection (e).[22]

Our Court of Appeals has cautioned, however, that courts "must be careful to maintain the distinction Congress made in the REAL ID Act between those challenges that must be transferred and those that must be retained in and decided by the district court."[23] To that end, "only challenges that directly implicate the order of removal . . . are properly the subject of transfer [to the Court of Appeals]

---

[20] *See generally* Response to Petition for Writ of Habeas Corpus (ECF No. 13).

[21] *Jordon v. Attorney Gen. of U.S.*, 424 F.3d 320, 326 (3d Cir. 2005).

[22] 8 U.S.C. § 1252(a)(5)(emphasis added).

[23] *Nnadika v. Attorney Gen. of U.S.*, 484 F.3d 626, 632 (3d Cir. 2007).

under the REAL ID Act."[24]  Challenges to detention that are independent of challenges to removal orders are, therefore, not precluded.[25]

Here, there is no dispute that a final order of removal was issued *in absentia* on August 17, 2011.[26]  Rather, the issue remaining is whether the challenge lodged by Petitioner implicates the final order of removal—precluding this Court's jurisdiction—or is independent of this order and thus properly before the Court.  In his petition and supplemental briefing ordered by this Court, Petitioner argues that his challenge is independent of the final order of removal entered.  As noted, Plaintiff alleges that his Fifth Amendment right to due process was violated when, following his arrest on December 20, 2017, he was scheduled to be removed pursuant to the August 17, 2011 Order without the benefit of a credible fear or reasonable fear interview.[27]  That relief was nevertheless available through the prior Immigration Court proceedings, and Petitioner's requests now show this Court's lack of jurisdiction.  Here's why.

The facts of this case reveal that removal proceedings against Petitioner were commenced under Section 240 of the Immigration and Naturalization Act, 8

---

[24]  *Id.*

[25]  *Id.*

[26]  Exhibits in Support of Resp. to Petition for Writ of Habeas Corpus (ECF No. 13-1), Exh. 1, ¶ 9.

[27]  *See generally* Petitioner's Br. in Supp. of Jurisdiction (ECF No. 14).

U.S.C. § 1229a.[28] Through those proceedings, Petitioner had the opportunity to pursue asylum under 8 U.S.C. § 1158 before an Immigration Judge. After multiple continuances, Amaya Escobar failed to attend the scheduled August 17, 2011 hearing and was ordered removed *in absentia*.[29] Now, rather than filing a motion to reopen proceedings,[30] Petitioner attempts to re-litigate the validity of this order by seemingly requesting either (1) a credible fear interview pursuant to 8 U.S.C. § 1225(b)(1)(A)(ii) or (2) a reasonable fear interview under 8 C.F.R. § 208.31.[31] Neither of these requests are available under removal proceedings brought under 8 U.S.C. § 1229a.[32] Therefore, while not "explicitly styled" as such, I find that the

---

[28] *See* Exhibits in Support of Resp. to Petition for Writ of Habeas Corpus (ECF No. 13-1), Exh. 1 (Declaration of Christopher Snell) ¶ 2; Exh. 2 (January 12, 2010 Notice to Appear).

[29] *See* 8 U.S.C. § 1229a ("Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2)).").

[30] *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 U.S.C. § 1229a(b)(5)(C)("Such an order may be rescinded only--(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1))").

[31] Petitioner's Br. in Supp. of Jurisdiction (ECF No. 14), at 7–8.

[32] A "credible fear" interview is afforded to arriving aliens encountered at the border who are issued expedited removal orders under 8 U.S.C. § 1225(b)(1). A "reasonable fear" interview under 8 C.F.R. § 208.31 is afforded aliens ordered removed pursuant to Section 238(b) of the INA (expedited removal of aliens convicted of committing aggravated felonies) or Section 241(a)(5) (reinstatement of orders concerning aliens who have reentered the United States illegally after having been removed or having departed voluntarily). Neither of these circumstances apply to Petitioner, and through his removal proceedings under Section 240, he nevertheless had the opportunities afforded by these provisions.

instant petition, requesting relief afforded below, necessarily implicates the validity of the removal order of August 17, 2011 and divests this Court of jurisdiction.[33]

Petitioner also avers, however, that this Court has jurisdiction pursuant to the All Writs Act, codified at 28 U.S.C. § 1651 and Section 702 of the Administrative Procedures Act ("APA").[34] First, Petitioner's citation to the All Writs Act, or 28 U.S.C. § 1651, is inapposite. Indeed, as recognized explicitly by our Court of Appeals, citation to the act does not provide this Court with jurisdiction to grant the relief requested—a stay of removal.[35] Section 1252(g), or the portion of the INA restricting jurisdiction of the courts, applies notwithstanding the All Writs Act.[36]

Petitioner's citation to the Administrative Procedures Act mandates a similar conclusion. Jurisdiction under the APA is available when (1) the agency action is final, (2) the action adversely affects the party seeking review, and (3) the action is non-discretionary.[37] The first of these elements—finality—requires that (1) the action marks the "'consummation' of the agency's decisionmaking process," and

---

[33] *See Jimenez v. Holder*, 338 F.App'x. 194, 196 (3d Cir. 2009).

[34] *See* Petitioner's Br. in Supp. of Jurisdiction (ECF No. 14), at 8–9.

[35] *See Barrios v. Attorney General of the United States*, 452 F.App'x. 196, 198 (3d Cir. 2011)(non-precedential).

[36] *See* 8 U.S.C. § 1252(g) (stating that the restrictions on jurisdiction apply "notwithstanding any other provision of law (statutory or nonstatutory), including ... [28 U.S.C. § 1651]").

[37] *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005).

(2) the action must be one by which "'rights or obligations have been determined."[38]

The action challenged here—failure to refer Petitioner for a credible fear or reasonable fear determination—fails to satisfy these elements.  Indeed, this denial of remedies ultimately not applicable to Petitioner comes years *following* the consummation of removal proceedings.  Pertinent to this determination is 8 U.S.C. § 1101(a)(47).  That section describes that an order of removal—such as the instant August 17, 2011 Order—is final upon the earlier of (1) an affirmance by the BIA or (2) "the expiration of the period in which the alien is permitted to seek review of such order by the" BIA.  Petitioner's order of removal issued *in absentia* may be rescinded only:

> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1)), or
>
> (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.[39]

---

[38] *Id.* at 200 (citations omitted).

[39] 8 U.S.C. § 1229a(b)(5)(C)( "The filing of the motion to reopen described in clause (i) or (ii) shall stay the removal of the alien pending disposition of the motion by the immigration judge.").

The order is therefore not in itself appealable to the BIA. Rather, appeal is limited to an Immigration Judge's denial of a motion to reopen.[40]

Here, the time in which to file a motion to reopen the August 17, 2011 Order of removal under 8 U.S.C. § 1229a(b)(5)(C) has long since passed. It is that passage of time which marks the formal consummation of the agency's decision making process.[41] The action challenged—denial of a credible fear or reasonable fear interview—implicates two provisions outside the scope of removal proceedings under Section 240 of the INA. Their citation is therefore inapplicable and the denial of such interviews cannot be considered a final agency action determinative of Petitioner's rights. In sum, as finality of agency action cannot be found in the challenged actions, jurisdiction is similarly wanting under the APA.

Finally, while this Court is without jurisdiction, a petition may nevertheless be transferred to the Court of Appeals in certain circumstances. Petitions for review, the sole vehicle whereby aliens can challenge removal orders, must however be filed with the proper court of appeals within the first thirty (30) days after issuance of an order of removal, and any transfer must fall within that

---

[40] *See* 8 C.F.R. § 1240.15 ("no appeal shall lie from an order of removal entered in absentia."); 8 C.F.R. § 1241.1(e) ("An order of removal . . . shall become final . . . [i]f an immigration judge orders an alien removed in the alien's absence immediately upon entry of such order.").

[41] *Pinho*, 432 F.3d at 200.

window.[42]  Here, Petitioner is challenging an August 17, 2011 order of removal. This matter is therefore untimely for transfer as its commencement on January 12, 2018 is well beyond the above thirty (30) day window.[43]  Furthermore, the factual record before this Court demonstrates that Petitioner has not exhausted his administrative remedies by filing a motion to reopen the removal order and thereafter appealing any adverse decision to the Board of Immigration Appeals ("BIA").[44]  Therefore, because there is no question that the BIA is capable of granting the remedy Petitioner seeks—a reopening of his removal order, this failure to exhaust would divest the Court of Appeals of jurisdiction over a petition for review.[45]  Transfer is therefore inappropriate.

**AND NOW,** in accordance with the above reasoning, Petitioner Ryan Francisco Amaya Escobar's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED** for lack of jurisdiction.

However, in the interest of justice, the effect of this decision is stayed until **5:00 p.m. on March 9, 2018**.  This will insure that the parties have, if necessary,

---

[42] 8 U.S.C. § 1252(B)(1); *Kolkevich v. Attorney General of the United States,* 501 F.3d 323, 329 (3d Cir. 2007).

[43] *See Bakayoka v. Decker*, No. 08-CV-1158, 2008 WL 4148241, at *1 (M.D.Pa. Aug. 28, 2008)(citing *Monteiro v. Attorney General,* 261 F. App'x. 368, 369 (3d Cir. 2008) (per curiam) (nonprecedential).

[44] *See Yi v. Maugans*, 24 F.3d 500, 503-04 (3d Cir. 1994)("This statutory exhaustion requirement is jurisdictional, (citation omitted), and generally includes the filing of an appeal of a final order of removal or exclusion to the BIA.").

[45] *See Joseph v. Attorney General of the United States*, 235 F. App'x. 885, 888 (3d Cir. 2007)(non-precedential).

adequate time to perfect an appeal, file a motion to reopen his removal order, or take any other action deemed appropriate to address Petitioner's presence in this country without him being removed.

The Clerk of Court is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge